UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN DEWAYNE TAYLOR, JR.,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendant.

CASE NO. 2:25-CV-13-DGE-DWC

ORDER DECLINING TO SERVE COMPLAINT

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Kevin D. Taylor, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by March 7, 2025, to cure the deficiencies identified herein.

**I.      Background**

In the Complaint, Plaintiff, a pretrial detainee housed at King County Regional Justice Center, alleges Defendants State of Washington and John Does failed to provide him with

ORDER DECLINING TO SERVE COMPLAINT - 1

sanitary living conditions at the Regional Justice Center and at the King County Correctional Facility. Dkt. 6. He complains his food has, and continues to be, provided on unsanitary trays without covers. He also alleges he developed Covid-19 and has been denied access to the grievance process and the Courts. *Id*.

## II.     Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff provides generalized allegations that he has been and is being harmed as a result of unsanitary conditions and the denial of access to the grievance process and the Courts. Dkt. 6. Plaintiff's Complaint is difficult to follow and appears to combine several different claims and causes of action. Importantly, Plaintiff does not name any individuals in the statement of facts supporting his claims for relief. Plaintiff does not explain what actions any individually named defendant took or failed to take which violated his rights. Plaintiff provides only generalized statements alleging his constitutional rights have been violated. In sum, Plaintiff's allegations are insufficient to show any defendant personally participated in the alleged constitutional violations. As Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

Additionally, Plaintiff names the State of Washington as a Defendant. Dkt. 6. Plaintiff is in the custody of King County, not the State of Washington, and has provided no allegations showing the State of Washington has any involvement in the King County jails. Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the State of Washington should not be named in this lawsuit.

ORDER DECLINING TO SERVE COMPLAINT - 3

**III.     Conclusion**

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before **March 7, 2025**. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 7th day of February, 2025.

David W. Christel
United States Magistrate Judge