UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN DEWAYNE TAYLOR, JR.,<br><br>            Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON et al.,<br><br>            Defendant. | CASE NO. 2:25-cv-00013-DGE-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 4) |

This matter comes before the Court on the Report and Recommendation (R&R) of the Honorable Magistrate Judge David W. Christel. (Dkt. No. 9.) The R&R recommends that Plaintiff's amended complaint be dismissed without prejudice for failure to state a claim. (*See id.*) Plaintiff filed an objection which states in its entirety: "I Kevin Taylor Jr objects to the Report & Recommendation in case no. 2:25-cv-13-DGE-DWC to counts I, II." (Dkt. No. 10.) Previously, Judge Christel identified that Plaintiff's initial complaint failed to explain how Defendants caused the constitutional violations alleged, and directed him to file an amended complaint. (Dkt. No. 7.) Plaintiff did file an amended complaint, which includes three counts:

Count I alleges a Fourteenth Amendment violation for failure to respond to grievances concerning allegedly unsanitary food trays, Count II alleges a First Amendment violation concerning the grievances and food trays, and Count III alleges that Defendants are abridging Plaintiff's freedom of religion by forcing him to eat off of the unsanitary trays.  (*See* Dkt. No. 8.)

A district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  However, objections to an R&R must be "specific." Fed. R. Civ. P. 72(b)(2).  Multiple courts have held that "to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report objection is made . . . a *de novo* review is unwarranted.  Instead, the report and recommendation is reviewed by the district judge for clear error." *Rodriguez-Gonzalez v. Astrue*, 854 F. Supp. 2d 176, 178 (D.P.R. 2012) (internal citations omitted); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 419 F. Supp. 2d 206, 210 (N.D.N.Y. 2005); *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).  Here, Plaintiff's summary objection fails to identify any analysis in the R&R that is faulty and does not trigger *de novo* review.

Nonetheless, having carefully reviewed the record, the Court reaches the same conclusions as the R&R and finds no clear error.  As to Count I, the R&R correctly finds that there is no due process right to any particular grievance process, and so Plaintiff cannot state a due process claim for failure to respond to grievances alone.  (*See* Dkt. No. 9 at 3–4.)  The R&R also identifies that there is a First Amendment right to petition the government through the prison grievance process.  (*See id.* at 3, citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

2009); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012)).  But the First Amendment right is to *file* a grievance, not to a particular response.  *Cf. Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (no First Amendment protection for frivolous grievances).

As to the food trays themselves (discussed in all three counts), the R&R acknowledges that there is a right to "adequate food, clothing, shelter, sanitation, medical care, and personal safety."  (Dkt. No. 9 at 4) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).  That encompasses a right to food that is not tainted or served in an unsanitary manner.  *See e.g., Garcia v. Foulk,* No. 214CV2378JAMDBP, 2020 WL 564791, at *9–11 (E.D. Cal. Feb. 5, 2020), *report and recommendation adopted sub nom. Garcia v. Folks*, No. 214CV2378JAMDBP, 2020 WL 1432994 (E.D. Cal. Mar. 24, 2020) (denying summary judgment as to unsanitary food claim).  And Plaintiff did plead some factual information as to the condition of the trays, such as that he allegedly showed unnamed "jail officials" how dirty the trays were by taking a tray, pouring some water on it, and cleaning food off of it with his fingernail, to which those officials responded that they would "let the sergeant know."  (Dkt. No. 8 at 8.)

However, the R&R identifies that the amended complaint does not explain how Defendants (which include four supervisory officials: Director Allen Nance, Deputy Director Jennifer Albright, Deputy Director Steven Larsen, Major Michael Taylor, and Commander "Manny," as well as King County) caused this condition.  (*See* Dkt. Nos. 8 at 4–5; 9 at 4–5.)  As to the supervisory defendants, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black,* 885

F.2d 642, 646 (9th Cir. 1989)).  Plaintiff did not adequately plead either of those bases for liability.  Plaintiff names multiple other lower-level officers whom he allegedly showed the dirty trays to and alleges that Defendants Taylor and Manny told him they would "look into it."  (Dkt. No. 8 at 10, 12–14.)  But that does not explain how the named Defendants participated in or caused the constitutional deprivation.  Rather, the complaint summarily states that the named Defendants "are operating pursuant to a custom where it is depriving me of my [Fourteenth Amendment rights] by constantly and continu[ally] serving food on unsanitary food trays."  (*Id.* at 11.)  Conclusory statements such as this are not entitled to a presumption of truth on a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, the Magistrate Judge identified these flaws with the initial complaint (*see* Dkt. No. 7 at 2–3) but they were not cured in the amended complaint.  For these reasons, the Court finds no clear error in the R&R's analysis of the food tray claim.

Finally, as to Plaintiff's free exercise claim, the R&R correctly notes that "Plaintiff has not sufficiently alleged Defendants failed to provide him with food that satisfies the dietary laws of his religion or that there is some type of contamination that violates the dietary laws of his religion."  (Dkt. No. 9 at 6.)  Likewise, "Plaintiff also fails to identify . . . why the unsanitary trays do not comport with his religious beliefs."  (*Id.*)  Therefore, Plaintiff failed to state a First Amendment claim.

For these reasons, the Court having considered the Report and Recommendation and the remaining record, does hereby find and order as follows:

(1) The Court ADOPTS the Report and Recommendation.

(2) The case is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

(3) The Clerk shall enter JUDGMENT and close this case. The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

Dated this 21st day of May, 2025.



David G. Estudillo
United States District Judge